# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHRISTOPHER ALVAREZ,** | : | |
| **Plaintiff** | : | |
| | : | **No. 1:18-cv-1964** |
| **v.** | : | |
| | : | **(Judge Rambo)** |
| **WARDEN DAVID J.** | : | |
| **EBBERT,** *et al.*, | : | |
| **Defendants** | : | |

## ORDER

**AND NOW**, on this 2nd day of July 2019, for the reasons set forth in the

Memorandum accompanying this Order, **IT IS ORDERED THAT**:

1. The motion to dismiss and/or motion for summary judgment (Doc. No. 24) filed by Defendants Ebbert, Buebendorf, Tharp, and Gass is **GRANTED**;

2. Alvarez's First Amendment mail claim and Fifth Amendment due process claim are **DISMISSED WITH PREJUDICE**;

3. Alvarez's First Amendment retaliation claim is **DISMISSED WITHOUT PREJUDICE** to Alvarez's right to file an amended complaint, as set forth below;

4. The Clerk of Court is directed to defer entry of judgment in favor of Defendants Ebbert, Buebendorf, Tharp, and Gass on Alvarez's First Amendment mail claim and Fifth Amendment due process claim until the conclusion of the above-captioned proceedings;

5. Alvarez is granted thirty (30) days from the date of this Order to file a second amended complaint regarding his First Amendment retaliation claim, as well as to identify Defendant John Doe. If Alvarez elects to file a second amended complaint, Alvarez is advised to adhere to the standards set forth in the Federal Rules of Civil Procedure and the directives set forth by this Court in its accompanying Memorandum.

Specifically, the second amended complaint must be complete in all respects. It must be a new pleading which stands by itself without reference to the original complaint or any other documents already filed. The second amended complaint should set forth Alvarez's claims in short, concise and plain statements as required by Rule 8 of the Federal Rules of Civil Procedure. Each paragraph should be numbered. The second amended complaint should specify which actions are alleged as to which defendants and sufficiently allege personal involvement of the defendant in the acts which Alvarez claims violated his rights. Mere conclusory allegations will not set forth cognizable claims;

6.   The Clerk of Court is **DIRECTED** to mail Alvarez a civil rights complaint form to use for filing his second amended complaint; and

7.   If Alvarez fails to identify Defendant John Doe in his second amended complaint, Defendant John Doe will be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure; and

8.   If Alvarez fails to file a second amended complaint entirely, Defendant John Doe will be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and the Court will direct the Clerk of Court to close this case and enter judgment as set forth above.


s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge